**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2385-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAHEEM W. HARRITY, a/k/a MALIK
E. COX, RAHEEM WAFEA HARRITY,
KEITH WILLIAM, RASHEEN HARRISON,
KEITH WILLIAMS, LAMAR BATH, LAMAR
COX, LAMAR HARRISON, LAMAR D.
HARRITY, RASHEEN E. HARRISION and
MARK ANDERSON,

    Defendant-Appellant.

_____

        Submitted July 5, 2017 — Decided October 19, 2017

        Before Judges Nugent and Accurso.

        On appeal from Superior Court of New Jersey,
        Law Division, Camden County, Indictment No.
        07-09-3169.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Anthony J. Veccio, Designated
        Counsel, on the brief).

        Mary Eva Colalillo, Camden County Prosecutor,
        attorney for respondent (Maura Murphy
        Sullivan, Assistant Prosecutor, of counsel and
        on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from a January 8, 2016 order that denied his petition for post-conviction relief (PCR). The trial court entered the order after conducting an evidentiary hearing on some of the issues defendant raised in his PCR petition. For the following reasons, we affirm.

In June 2010, a jury found defendant guilty of two counts of aggravated manslaughter, one count of conspiracy, and two weapons offenses, for killing two victims in a drive-by shooting. The trial court merged the conspiracy count and one weapons offense at sentencing, and sentenced defendant to serve an aggregate prison term of life plus thirty years on the remaining counts.

The proofs the State developed at trial to establish defendant was the drive-by shooter included the co-defendant's testimony, testimony of a man who heard defendant admit the shooting shortly after it occurred, and abundant circumstantial evidence. The facts the State established are comprehensively detailed in our decision on defendant's direct appeal. We affirmed his conviction and sentence, State v. Harrity, No. A-3060-10 (App. Div. Aug. 26, 2013), and the Supreme Court denied defendant's petition for certification, State v. Harrity, 217 N.J. 294 (2014).

A month after the Supreme Court denied defendant's petition for certification, defendant filed a PCR petition in which he raised the following arguments:[1]

### POINT I

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR PRESENTING A THIRD PARTY GUILT[Y] DEFENSE, WITHOUT INTERVIEWING WITNESSES DANYEL MORTON, ANGELIMAR VARGAS, ANTHONY HARRIS, THE PETITIONER AND KEVIN KELLEJAN TO ASSURE, THE POSSIBILITY OF CREATING REASONABLE DOUBT AS TO, THE PETITIONER'S GUILT EXIST WITHIN THE AFOREMENTIONED DEFENSE, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

### POINT II

TRIAL COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO REQUEST A 104 AND/OR 401 HEARING CONCERNING THE ADMISSIBILITY AND/OR RELEVANCY OF THIRD PARTY GUILT EVIDENCE, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

### POINT III

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO INTERVIEW PETITIONER'S ALIBI WITNESS, THEREBY, DEPRIVING THE PETITIONER[] OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENT V, XIV, AND VI OF THE U.S. CONST.

---

[1] All point headings enumerated in this opinion are taken verbatim from defendant's PCR petition and briefs.

## POINT IV

TRIAL COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO INTRODUCE THE PETITIONER'S ALIBI WITNESS, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENT V, XIV AND VI OF THE U.S. CONST.

## POINT V

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILURE TO INTERVIEW REBUTTAL WITNESS (WESLEY HUNTER), THEREBY, DEPRIVING PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENT V, XIV AND VI OF THE U.S. CONST.

## POINT VI

TRIAL COUNSELS PERFORMANCE WAS DEFICIENT FOR FAILURE TO INTRODUCE REBUTTAL WITNESS (WESLEY HUNTER), THEREBY, DEPRIVING PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENT V, XIV, AND VI OF THE U.S. CONST.

## POINT VII

TRIAL COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO OBJECT TO INFLAMMATORY AND/OR UNCHARGED OTHER CRIMES EVIDENCE TESTIMONY OF ANGELIMAR VARGAS CONCERNING, HER SISTER (MARANGELIE VARGAS) ALLEGEDLY BEING SHOT, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENT V, XIV AND VI OF THE U.S. CONST.

## POINT VIII

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILURE TO REQUEST THE TRIAL COURT TO PROVIDE THE JURY WITH A CURATIVE INSTRUCTION PERTAINING TO THE UNCHARGED OTHER CRIMES EVIDENCE TESTIMONY OF ANGELIMAR VARGAS CONCERNING, HER SISTER (MARANGELIE VARGAS) ALLEGEDLY BEING SHOT, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENT V, XIV, AND VI OF THE U.S. CONST.

## POINT IX

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO OBJECT TO THE PROSECUTOR'S INFLAMMATORY CLOSING REMARKS CONCERNING THE POSSIBILITY OF ANGELIMAR VARGAS BEING SHOT, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENT V, XIV, AND VI OF THE U.S. CONST.

## POINT X

TRIAL COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILURE TO REQUEST THE TRIAL COURT TO PROVIDE THE JURY WITH A CURATIVE INSTRUCTION PERTAINING TO THE PROSECUTOR'S INFLAMMATORY CLOSING REMARKS, CONCERNING, THE POSSIBILITY OF ANGELIMAR VARGAS BEING SHOT, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENT V, XIV AND VI OF THE U.S. CONST.

## POINT XI

TRIAL COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO REQUEST A 104 AND/OR 403 HEARING FOR THE PURPOSE TO EXCLUDE PREJUDICIAL TESTIMONY OF ANGELIMAR AND MARRANGELIE VARGAS,

THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XII

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO OBJECT TO THE ADMISSION OF IRRELEVANT AND/OR INFLAMMATORY TESTIMONY OF MS. DESIREE KING, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENT V, XIV AND VI OF THE U.S. CONST.

## POINT XIII

TRIAL COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILURE TO REQUEST THE TRIAL COURT TO PROVIDE THE JURY WITH A CURATIVE INSTRUCTION CONCERNING, THE IRRELEVANT AND/OR INFLAMMATORY TESTIMONY OF MS. DESIREE KING, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENT V, XIV AND VI OF THE U.S. CONST.

## POINT XIV

TRIAL COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO REQUEST A 104 AND/OR 401 HEARING CONCERNING THE ADMISSIBILITY AND/OR RELEVANCY OF MS. DESIREE KING TESTIMONY THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XV

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO REQUEST A 104 HEARING CONCERNING

THE PROSECUTION'S IMPROPER PLACEMENT OF A PROVISION IN THE PETITIONER'S CO-DEFENDANT (ANTHONY HARRIS) PLEA AGREEMENT, WHICH PREVENTED HIM FROM TESTIFYING IN FAVOR OF THE PETITIONER, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS, COMPULSORY PROCESS TO OBTAIN WITNESSES IN HIS FAVOR AND THE ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XVI

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILURE TO FILE A MOTION FOR DISMISSAL OF THE PETITIONER INDICTMENT DUE TO, THE PROSECUTIONS DELIBERATE DELAY TO FORMALLY CHARGE THE PETITIONER FOR REASON TO GAIN TACTICAL ADVANTAGE OVER HIM BY ESTABLISHING AN CONDITIONAL PLEA AGREEMENT WITH WITNESS (ANTHONY HARRIS) THAT, PREVENTED MR. HARRIS FROM TESTIFYING IN FAVOR OF THE PETITIONER, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS, COMPULSORY PROCESS TO OBTAIN WITNESSES IN HIS FAVOR AND THE AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XVII

TRIAL COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO OBJECT TO THE ADMISSION OF NEW JERSEY STATE POLICE DNA ANALYST, SHARON FRECK TOOTELL TESTIMONY REGARDING, THE WORK PERFORMED BY ANOTHER FORENSIC SCIENTIST, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO BE CONFRONTED WITH THE WITNESS AGAINST HIM; AND TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XVIII

TRIAL COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO OBJECT TO, THE TRIAL COURTS DECISION TO CHARGE THE JURY WITH THE LESSER INCLUDED OFFENSE OF AGGRAVATED MANSLAUGHTER WITHOUT A RATIONAL BASIS TO SUPPORT SAID CHARGE, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XIX

APPELLATE COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL'S INEFFECTIVENESS FOR PRESENTING A THIRD PARTY GUILT[Y] DEFENSE WITHOUT, INTERVIEWING WITNESSES, DANYEL MORTON, ANGELIMAR VARGAS, ANTHONY HARRIS, THE PETITIONER AND KEVIN KELLEJAN, TO ASSURE, THE POSSIBILITY OF CREATING REASONABLE DOUBT AS TO, THE PETITIONER'S GUILT EXIST WITHIN THE AFOREMENTIONED DEFENSE, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XX

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO REQUEST A 104 AND/OR 401 HEARING CONCERNING THE ADMISSIBILITY AND/OR RELEVANCY OF THIRD PARTY GUILT EVIDENCE, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XXI

APPELLATE COUNSEL'S PERFORMANCE WAS DEFICIENT FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILURE TO OBJECT TO, INFLAMMATORY AND/OR UNCHARGED OTHER CRIMES EVIDENCES TESTIMONY OF ANGELIMAR VARGAS CONCERNING HER SISTER (MARANGELIE VARGAS) ALLEGEDLY BEING SHOT, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XXII

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILURE TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL INEFFECTIVENESS FOR FAILURE TO REQUEST THE TRIAL COURT TO PROVIDE THE JURY WITH A CURATIVE INSTRUCTION PERTAINING TO THE UNCHARGED OTHER CRIMES EVIDENCE TESTIMONY OF ANGELIMAR VARGAS CONCERNING, HER SISTER (MARANGELIE VARGAS) ALLEGEDLY BEING SHOT, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENT V, XIV, AND VI OF THE U.S. CONST.

## POINT XXIII

APPELLATE COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILURE TO RAISE ON DIRECT APPEAL TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO OBJECT TO THE PROSECUTOR'S INFLAMMATORY CLOSING REMARKS, CONCERNING THE POSSIBILITY OF MS. ANGELIMAR VARGAS BEING SHOT, THEREBY, DEPRIVING PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENT V, XIV, AND VI OF THE U.S. CONST.

A-2385-15T3

## POINT XXIV

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL INEFFECTIVENESS FOR FAILURE TO REQUEST THE TRIAL COURT TO PROVIDE THE JURY WITH A CURATIVE INSTRUCTION PERTAINING TO THE PROSECUTOR'S INFLAMMATORY CLOSING REMARKS CONCERNING, THE POSSIBILITY OF ANGELIMAR VARGAS BEING SHOT, THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENT V, XIV, AND VI OF THE U.S. CONST.

## POINT XXV

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO REQUEST A 104 AND/OR 403 HEARING FOR THE PURPOSE TO EXCLUDE PREJUDICIAL TESTIMONY OF MS. ANGELIMAR AND MARANGELIE VARGAS'S, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XXVI

APPELLATE COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO OBJECT TO THE ADMISSION OF IRRELEVANT AND/OR INFLAMMATORY TESTIMONY OF MS. DESIREE KING THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENT V, XIV, AND VI OF THE U.S. CONST.

## POINT XXVII

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL

COUNSEL'S INEFFECTIVENESS FOR FAILING TO REQUEST THE TRIAL COURT TO PROVIDE THE JURY WITH A CURATIVE INSTRUCTION CONCERNING THE IRRELEVANT AND/OR INFLAMMATORY TESTIMONY OF MS. DESIREE KING THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENT V, XIV AND VI OF THE U.S. CONST.

### POINT XXVIII

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL'S FAILURE TO REQUEST A 104 AND/OR 401 HEARING CONCERNING THE ADMISSIBILITY AND/OR RELEVANCY OF MS. DESIREE KING TESTIMONY, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

### POINT XXIX

APPELLATE COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO RAISE ON DIRECT APPEAL, TRAIL COUNSEL'S INEFFECTIVENESS FOR FAILURE TO REQUEST A 104 HEARING CONCERNING THE PROSECUTION'S IMPROPER PLACEMENT OF A PROVISION IN THE PETITIONER'S CO-DEFENDANT (ANTHONY HARRIS) PLEA AGREEMENT, WHICH, PREVENTED HIM FROM TESTIFYING IN FAVOR OF THE PETITIONER, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS, COMPULSORY PROCESS TO OBTAIN WITNESSES IN HIS FAVOR AND THE AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

### POINT XXX

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO RAISE ON DIRECT APPEAL, TRIAL COUNSEL INEFFECTIVENESS FOR FAILURE TO FILE A

MOTION FOR DISMISSAL OF THE PETITIONER INDICTMENT DUE TO, THE PROSECUTIONS DELIBERATE DELAY TO FORMALLY CHARGE THE PETITIONER FOR REASON TO GAIN TACTICAL ADVANTAGE OVER HIM BY ESTABLISHING AN CONDITIONAL PLEA AGREEMENT WITH WITNESS (ANTHONY HARRIS) THAT, PREVENTED MR. HARRIS FROM TESTIFYING IN FAVOR OF THE PETITIONER, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS, COMPULSORY PROCESS TO OBTAIN WITNESSES IN HIS FAVOR AND THE AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XXXI

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILING TO RAISE ON DIRECT APPEAL, THE TRIAL COURT ABUSE OF DISCRETION FOR ADMITTING INFLAMMATORY AUTOPSY PHOTOS OF ALEJANDRO SOTO, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XXXII

APPELLATE COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO RAISE ON DIRECT APPEAL, THE TRIAL COURTS ABUSE OF DISCRETION FOR FAILING TO DISMISS COUNT THREE OF THE INDICTMENT AND/OR THE INDICTMENT IN IT'S ENTIRETY, FOR FAILURE TO ALLEGE THE NAME OF CO-CONSPIRATOR PETITIONER ALLEGEDLY CONSPIRED WITH, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XXXIII

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE FOR FAILURE TO RAISE ON DIRECT APPEAL, THE TRIAL COURT'S ERROR FOR FAILING TO FASHION A

REQUESTED ORDER TO SANITIZE 404(B) OTHER CRIMES EVIDENCES TESTIMONY CONCERNING, THE PETITIONER'S ALLEGED ATTEMPT TO PURCHASE AN AK-47 ASSAULT RIFLE, THEREBY DEPRIVING THE PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XXXIV

APPELLATE COUNSEL PERFORMANCE WAS INADEQUATE ON DIRECT APPEAL FOR FAILING TO DEMONSTRATE THE POSSIBLE CONTAMINATION OF DNA EVIDENCE AND/OR MALFUNCTION OF MS. JENNIFER THAYER'S EQUIPMENT WHILE PERFORMING HER DNA ANALYSIS THEREBY, DEPRIVING THE PETITIONER OF HIS RIGHTS TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM; AND TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATIONS OF ART I. PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

## POINT XXXV

APPELLATE COUNSEL PERFORMANCE WAS DEFICIENT FOR FAILING TO FILE ON DIRECT APPEAL, A MOTION FOR RECONSIDERATION OF THE APPELLATE DIVISION'S OPINION CONCERNING THE APPELLATE DIVISION'S MISINTERPRETATION OF CASE LAW AND/OR FACTS OF THE PETITIONER'S CASE THEREBY, DEPRIVING PETITIONER OF HIS RIGHTS TO HAVE DUE PROCESS AND ASSISTANCE OF COUNSEL IN VIOLATION OF ART. 1 PARA 10 OF THE N.J. CONST. AND AMENDMENTS V, XIV AND VI OF THE U.S. CONST.

(A) THE APPELLATE DIVISION THAT, DEFENSE COUNSEL FAILURE TO SPECIFICALLY OBJECT TO 404(B) OTHER CRIMES EVIDENCE (AK-47 TESTIMONY) WAS A TACTICAL DECISION WHICH CONTRIBUTED TO REASON FOR SUPPORTING THE TRIAL COURT'S OMISSION TO PROVIDE THE JURY WITH AN LIMITING INSTRUCTION CONCERNING SAID 404(B) EVIDENCE WAS ERROR, DUE TO THE FACT, THE RECORD ESTABLISHED DEFENSE COUNSEL REQUESTED THE

A-2385-15T3

TRIAL COURT TO PROVIDE THE JURY WITH AN LIMITING INSTRUCTION PERTAINING TO THE 404(B) EVIDENCE IN QUESTION.

The court appointed counsel for defendant, and counsel filed a brief in which he raised these arguments:

POINT I

STANDARDS OF INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT II

MR. HARRITY'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CONDUCT A PROPER INVESTIGATION.

POINT III

MR. HARRITY'S TRIAL COUNSEL DID NOT PRESENT MR. HARRITY'S ALIBI WITNESS.

POINT IV

MR. HARRITY'S TRIAL COUNSEL'S FAILURE TO ATTEMPT TO PREVENT OR ASK THE TRIAL COURT TO REMEDY SEVERAL INSTANCES OF PROSECUTORIAL MISCONDUCT DEPRIVED MR. HARRITY OF HIS RIGHT TO A FAIR TRIAL.

A.   MR. HARRITY'S TRIAL COUNSEL SHOULD HAVE OBJECTED TO THE PROSECUTOR'S SUGGESTION THAT ANGELIMAR VARGAS MIGHT HAVE BEEN SHOT.

B.   MR. HARRITY'S TRIAL ATTORNEY SHOULD HAVE ASKED FOR A CURATIVE INSTRUCTION AFTER ANGELIMAR VARGAS SAID HER SISTER WAS SHOT.

C.   MR. HARRITY'S TRIAL ATTORNEY SHOULD HAVE OBJECTED TO THE PROSECUTOR'S DECISION TO INTRODUCE DESIREE KING AS A WITNESS.

14

POINT V

MR. HARRITY'S TRIAL COUNSEL SHOULD HAVE OBJECTED TO INADMISSIBLE HEARSAY.

POINT VI

THE CUMULATIVE EFFECT OF ALL OF MR. HARRITY'S TRIAL COUNSEL'S ERRORS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

The trial court granted defendant an evidentiary hearing as to trial counsel's failure to interview alibi witnesses and present their testimony at trial. Following the hearing, the court delivered an oral opinion from the bench on January 8, 2016, and denied defendant's PCR petition. As previously noted, defendant appealed from the implementing order.

During the PCR hearing, defendant testified his defense at trial was he was not present when the victims were shot. He intended to establish his alibi through the testimony of Ashley Petty. Defendant was aware Petty had testified before the grand jury. His plan, and, according to him, his trial attorney's strategy, was to produce her as an alibi witness. His trial attorney filed a notice of alibi with the court and defendant never changed his mind about presenting Petty's testimony.

Defendant claimed Petty had been subpoenaed for his trial and physically appeared in court. Nonetheless, his attorney never called her as a witness. According to defendant, at trial, the

A-2385-15T3

State rested its case on a Friday. His trial attorney then rested without calling any witnesses. As defendant was being taken to the county jail, he told his trial counsel he wanted to talk to her. He was taken to the "bullpen" and then told he was going to be transported to the jail. When he said his attorney was coming to speak with him, he was told his attorney left. He was transported to county jail without speaking with his attorney.

When he returned to court on Monday, defendant said to his attorney, "[y]ou rested the case. Why did you rest the case? You [did not] call my alibi witness." Defendant claimed his attorney seemed surprised. She said, "Alibi?" Defendant replied, "[y]eah, . . . the one you gave the notice of alibi, the one you subpoenaed." The attorney said, "oh, yeah, . . . I was supposed to call her." When defendant told the attorney to "[g]o out there and call her," she said, "I rested my case already. I can't call her." When defendant said "unrest your case," his attorney replied, "I can't." Defendant angrily replied, "[t]hat . . . just got me convicted. You . . . just got me convicted . . . because you argued that I wasn't there. You argued I wasn't at the scene of the crime. My alibi witness. . . . [t]hat go[es] hand-in-hand with my alibi witness." Defendant claims his attorney responded that he was right.

Defendant did not discuss the issue with his attorney between the time the jury returned its verdict and the time he was sentenced. His reason for not again raising the issue was he felt his attorney had spoken, and his attorney said there was nothing that could be done, so in his mind there was nothing more to say.

Defendant's trial attorney testified to a different account of events. The attorney was experienced; she had been admitted to the practice of law since 2001 and ninety-percent of her practice was criminal law. She was a former prosecutor.

According to the attorney, she had extensive discussions with defendant concerning the proposed alibi witness. She had reviewed material in discovery that suggested to her Ashley Petty was a "concocted alibi witness." From her review of the grand jury transcripts, she did not believe Petty would be a credible alibi witness. Petty had testified before the grand jury that on May 27, the day of the shootings, she had been with defendant on and off. She also gave testimony that could be viewed as helpful to the State.

Defendant's trial counsel recalled telling defendant if an alibi witness is not strong and cannot say "you were at this particular place at this particular time," then "a lot of times it can come off in front of a jury as sort of an ali-lie witness." Counsel explained she made the strategic recommendation not to

call Petty. Nonetheless, had defendant insisted upon presenting Petty's testimony, counsel would have called Petty as a witness.

During cross-examination, defendant's trial counsel elaborated on her strategic decision. She did not think Petty would help defendant's case. She pointed out that despite her testimony before the grand jury, defendant was nonetheless indicted.[2]

As previously noted, the court denied defendant's PCR petition. In an oral decision delivered from the bench on January 8, 2016, the court rejected defendant's arguments that trial counsel had failed to investigate four witnesses. The court noted defendant had failed to provide affidavits or certifications for many of the witnesses. Defendant did produce a statement from Anthony Harris, but the statement, according to the court, "mirrored the testimony he gave at trial, which was that [defendant's brother] was not involved in the deaths." In short, defendant failed to show an investigation of Harris would have revealed anything Harris had not previously told investigators. Harris's statements to investigators were provided during discovery.

---

[2] Although Petty testified before a grand jury in June 2004, the indictment containing the charges on which defendant was tried was returned in September 2007.

The court determined, from reviewing trial transcripts, defense counsel reasonably argued that descriptions of the shooters given by witnesses fit defendant's brother and Harris. The court determined defense counsel had clearly challenged the identification of defendant as a perpetrator, a reasonable trial strategy.

After recounting the PCR testimony given by defendant and his trial counsel, the court found trial counsel's testimony "exceedingly credible." The court found "reasonable that given the weight of evidence and direct contradiction of Ashley Petty's grand jury testimony, defense counsel . . . strategically decide[d] not to call her as an alibi witness." The court determined defense counsel's decision was sound. The court also determined defendant's testimony at the PCR hearing was not credible.

Further, the court found defendant had "failed to show how his representation was prejudiced by this decision or how his outcome would have been different had Ms. Petty been called as a witness and subjected to cross-examination."

Next, the court rejected defendant's argument that the prosecutor's misconduct in making unduly prejudicial statements during his summation deprived defendant of a fair trial. The court concluded that several fleeting statements by the

prosecutor, even if improper, did not prevent defendant from receiving a fair trial.

The court rejected some of defendant's other arguments based on their having been decided on direct appeal. Lastly, the court concluded that defendant's counsel on direct appeal was not ineffective for failure to raise certain meritless arguments, and for deciding to seek certification from the Supreme Court rather than file a motion for reconsideration with the Appellate Division.

Having concluded defendant failed to establish a prima facie ineffective-assistance-of-counsel claim, the court denied defendant's petition.

On appeal, defendant argues:

> THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE TRIAL COUNSEL FAILED TO ADEQUATELY INVESTIGATE DEFENDANT'S ALIBI DEFENSE AND FAILED TO CALL THAT WITNESS TO TESTIFY AT TRIAL.

In a pro se supplemental brief, defendant argues:

> ### POINT I
>
> THE TRIAL COURT ERRED IN FINDING THAT THE PETITIONER['S] TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO INTRODUCE THE PETITIONER'S ALIBI WITNESS IN THE PETITIONER'S DEFENSE.
>
> ### POINT II
>
> THE TRIAL COURT ERRED IN FINDING THAT THE PETITIONER FAILED TO ESTABLISH A PRIMA FACIE

20

CLAIM FOR INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL FOR FAILING TO FILE A MOTION OF RECONSIDERATION TO THE APPELLATE DIVISION CONCERNING THE APPELLATE DIVISION MISINTERPRETATION OF THE FACTS REGARDING THE PETITIONER'S CASE.

POINT III

THE TRIAL COURT ERRED BY FAILING TO RENDER AN OPINION CONCERNING INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL CLAIMS RAISED IN THE PETITIONER'S AMENDED VERIFIED PETITION AND LISTED IN THE PETITIONER'S P.C.R. COUNSEL'S BRIEF.

To prove trial counsel was ineffective, a defendant must satisfy the Strickland two-part test by demonstrating "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 693, 698 (1984); accord, State v. Fritz, 105 N.J. 42, 58 (1987). When defendants establish a prima facie claim of ineffective assistance of counsel, they are entitled to a hearing on their claims. R. 3:22-10(b); State v. Preciose, 129 N.J. 451, 462 (1992).

The decision of which witnesses to call at trial is generally a strategic determination within counsel's discretion. State v. Coruzzi, 189 N.J. Super. 273, 323 (App. Div.), certif. denied, 94 N.J. 531 (1983). In fact, our Supreme Court has recognized that "[d]etermining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront." State v. Arthur, 184 N.J. 307, 320 (2005). The attorney must consider, among other things, "whether the witness's testimony will be subject to effective impeachment by prior inconsistent statements or other means, . . . whether the trier of fact is likely to find the witness credible, and a variety of other tangible and intangible factors." Id. at 321. For these reasons, "a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'" Ibid. (citation omitted). "As a general rule, strategic miscalculations or trial mistakes are insufficient to warrant reversal except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial." State v. Castagna, 187 N.J. 293, 314-15 (2006) (alteration in original) (citation omitted).

Here, defendant's trial counsel made a strategic decision not to call Petty as a trial witness. Counsel evaluated Petty's grand jury testimony, considered her testimony in view of the State's proofs and the discovery material the State had provided, and determined the jury would not find Petty credible. Defense counsel's ultimate decision not to call Petty as a witness was a strategic decision based on the "art" of defense, and is entitled to our "highly deferential" review. Arthur, supra, 184 N.J. at 321. Even if defense counsel's strategy is in hindsight deemed to be a miscalculation, it certainly does not warrant reversal, as it does not fall into a rare instance where the miscalculation is "of such magnitude as to thwart the fundamental guarantee of [a] fair trial." Castagna, supra, 187 N.J. at 315 (alteration in original) (citation omitted). Accordingly, we reject defendant's claim that his trial counsel's failure to call Petty constituted ineffective assistance.

We have considered defendant's remaining arguments in light of the record and prevailing legal principles and have found them to be without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

23

A-2385-15T3